IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

VS.                     CASE NO. 5:14-cr-50065-PKH-MEF-2

ALBERTO GONZALEZ                        DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's "Successive Motion Under 28 U.S.C. § 2255" filed June 27, 2016.  (Doc. 101)  The United States filed its response on July 27, 2016.  (Doc. 105)  Petitioner did not file a reply.  The matter is ready for Report and Recommendation.

### I.  Background

On October 31, 2014, a Criminal Complaint was filed against Defendant/Petitioner, Alberto Gonzalez ("Gonzalez"), alleging that on or about the dates of October 24, 2014 through October 30, 2014, Gonzalez conspired to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Doc. 1)  Gonzalez made his initial appearance before the Hon. Erin L. Setser, United States Magistrate Judge, on November 4, 2014, where he waived the issues of probable cause and detention.  (Doc. 8)  Raymond Niblock ("Niblock"), a Criminal Justice Act panel attorney, was appointed to represent Gonzalez.  (Docs. 8, 17)

On November 19, 2014, Gonzalez was named in a two-count Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count One), and with possession of more than 500 grams of a mixture or substance that contained methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count Two).  (Doc. 1)  Gonzalez appeared for arraignment before the Hon. Erin

-1-

L. Setser on November 21, 2014, at which time he entered a plea of not guilty to the Indictment. (Doc. 33)

Niblock requested discovery in open court at the arraignment on November 21, 2014 in anticipation of the Court's Pretrial Scheduling Order (Doc. 35), and on November 25, 2014, he also filed a Notice of Discovery Request (Doc. 37) and Notice for Exculpatory Evidence (Doc. 38) on behalf of Gonzalez. The United States responded to Gonzalez's discovery notices on December 3, 2014. (Doc. 39)

On January 6, 2015, attorney Robert I. Mandell ("Mandell") entered an appearance on behalf of Gonzalez (Doc. 44), and on January 9, 2015, Niblock filed his Motion for Withdrawal of Counsel (Doc. 45). A Text Only Order was entered on January 9, 2015 granting Niblock's motion to withdraw.

On March 12, 2015, Gonzalez appeared with counsel before the Hon. P. K. Holmes, III, Chief United States District Judge, for a change of plea hearing. (Doc. 54) A written plea agreement was presented to the Court, and Gonzalez pleaded guilty to Count One of the Indictment, charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to Count Two of the Indictment, charging him with possession with intent to distribute more than 500 grams of a mixture or substance that contained methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. 54; Doc. 55, ¶ 1) The Court accepted the plea and ordered a Presentence Investigation Report ("PSR"). (Doc. 54)

An initial PSR was prepared by the United States Probation Office on May 12, 2015. (Doc. 64) The PSR determined that Gonzalez was accountable for 1.7 kilograms of actual methamphetamine, and his Base Offense Level was determined to be 36. (Doc. 64, ¶¶ 28, 29, 34)

-2-

The PSR determined that Gonzalez acted as an organizer, leader, manager, or supervisor in the criminal activity, and a two level enhancement was assessed pursuant to U.S.S.G. § 3B1.1(c).  (Doc. 64, ¶¶ 29, 37)  After a three level reduction for acceptance of responsibility, Gonzalez's Total Offense Level was determined to be 35.  (Doc. 64, ¶¶ 41-43)  Gonzalez's criminal history resulted in a criminal history score of 6, placing him in Criminal History Category III.  (Doc. 64, ¶ 53)  The statutory maximum sentence for Count One, conspiracy to distribute methamphetamine, was 20 years imprisonment.  (Doc. 64, ¶ 85)  The mandatory minimum sentence for Count Two, possession of more than 500 grams of methamphetamine with intent to distribute, was 10 years imprisonment, and the statutory maximum sentence was life imprisonment.  (Doc. 64, ¶ 85)  Gonzalez's advisory guideline range was 210 to 262 months imprisonment.  (Doc. 64, ¶ 86)

On June 3, 2015, the Government advised that it had no objections to the initial PSR.  (Doc. 69)  Gonzalez made numerous objections to the initial PSR on June 3, 2015.  (Doc. 70)  He objected to the PSR stating that he used the aliases of "Doopey" and "Humberto Gonzalez."  (Doc. 70, p. 1)  He objected to the amount of methamphetamine attributed to him and to the enhancement as an organizer, leader, manager, or supervisor of the criminal activity.  (*Id*.)  Concerning the quantity of methamphetamine attributed to him, he objected to use of U.S.S.G. § 2D1.1(c)(2), contending that § 2D1.1(c)(3) should have been used instead.  (*Id*.)  Based on his objections to the drug quantity and the enhancement for his role in the offense, he also objected to the corresponding offense levels. (*Id*.)  He objected to several aspects of the reporting of his criminal history.  (Doc. 70, pp. 1-2)  Finally, based on all of his objections, he objected to the advisory guidelines range, which he contended should be 168 - 210 months imprisonment based on a total offense level of 33 and a criminal history category of III.  (Doc. 70, p. 2)

All of Gonzalez's objections were rejected by the U. S. Probation Officer, and no changes were made to the PSR.  Concerning Gonzalez's objection to the drug quantity attributed to him, the U. S. Probation Officer noted Gonzalez pleaded guilty to possession with intent to distribute more than 500 grams of methamphetamine; that the factual basis section of the plea agreement specifically indicates that 1,716 grams (1.7 kilograms) of pure methamphetamine were seized in this case; and, that Gonzalez advised the Court during the change of plea hearing that the information set forth in the stipulation of facts section of the plea agreement was true.  (Doc. 73-1, p. 2)  Regarding the two-level enhancement for Gonzalez's role in the offense, the U. S. Probation Officer summarized Gonzalez's activities in arranging for the meth to be transported from California to Northwest Arkansas; his knowledge of the quantity of meth to be transported and the details of the transportation; his agreement to pay the individual who actually transported the meth; his directions to the CI to get a hotel room for him and his associates, and when and where to pick him up; and, his statement to the CI that he planned to set up a drug trafficking business in Northwest Arkansas. (*Id.*)  Such activities, the U. S. Probation Officer concluded, supported the two-level enhancement for being an organizer, leader, manager, or supervisor in the offense.  (*Id.*)  A final PSR was submitted to the Court on June 9, 2015.  (Docs. 73, 73-1)

Mandell filed a Sentencing Memorandum on July 14, 2015, in which he argued for a downward departure from the advisory guidelines range based on the sentencing factors set forth in 18 U.S.C. § 3553(a).  (Doc. 82)

Gonzalez appeared for sentencing on July 29, 2015.  (Doc. 85)  The Court made inquiry that Gonzalez was satisfied with his counsel, reviewed the PSR, and afforded Gonzalez and his counsel an opportunity to make a statement to the Court.  The Court imposed a below-guidelines sentence

of 140 months imprisonment on Count One and Count Two, to run concurrently; three years supervised release on Count One, and five years supervised release on Count Two, to run concurrently; no fine; and, the Court imposed $200.00 in special assessments. (Doc. 85) Gonzalez was advised of his right to appeal the sentence imposed. (*Id*.) Judgment was entered on July 30, 2015. (Doc. 87)

In its Statement of Reasons, the Court explained that it varied downward from the guidelines range due to the factors set forth in 18 U.S.C. § 3553(a), specifically, the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense and the need for just punishment, to afford adequate deterrence, to protect the public, and to avoid unwarranted sentencing disparities. (Doc. 88, p. 3) Based on all of these factors, as explained in detail, the Court believed a sentence of 140 months imprisonment was sufficient, but not greater than necessary. (*Id*.)

Gonzalez did not file a direct appeal from the Judgment.

On February 29, 2016, Gonzalez sought a reduction of sentence based upon U.S.S.G. Amendment 782. (Doc. 95) Noting that Gonzalez had already received the benefit of Amendment 782 as his sentencing took place after the effective date of the Amendment, the Court denied the motion for reduction of sentence on May 10, 2016. (Docs. 98, 99)

On June 27, 2016, Gonzalez filed his *pro se* "Successive Motion Under 28 U.S.C. § 2255" (the "motion"). (Doc. 101) Since Gonzalez has not previously sought collateral relief under § 2255, the present motion is not actually a successive motion. The motion raises two vaguely stated grounds for relief: (1) that Gonzalez is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016);

and, (2) that a "new weight table" requires over 4.5 kilograms before a statutory sentencing range of 10 years to life may be imposed.  (*Id*.)

The United States' response to the motion was filed on July 27, 2016.  (Doc. 105)  Gonzalez did not file a reply.

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  A thorough review of Gonzalez's motion and the files and records of this case conclusively shows that Gonzalez is not entitled to relief, and the undersigned recommends the denial and dismissal of his motion without an evidentiary hearing.

### A.  *Johnson* and *Welch* Are Inapplicable

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of

physical force against the person of another; or

(ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA.  *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague.  On April 18, 2016, the Supreme Court decided in *Welch* that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

Gonzalez makes a vague argument that his "Due Process and Constitutional rights have now been violated" in light of *Johnson* and *Welch*.  (Doc. 101, p. 2)  He claims that he "would have received lowered sentence without the existence of a now-unconstitutional law."  (Doc. 101, p. 3)  Gonzalez fails to explain, however, how his case falls within the scope of those decisions, and the record before the Court plainly shows that *Johnson* and *Welch* are inapplicable to his case.

Gonzalez's motion appears to be a pre-printed form prepared with the assistance of another inmate.[1]  The section entitled "Affidavit of Truth and Facts" (Doc. 101, p. 2) sets forth facts that have absolutely no connection to Gonzalez's case, then only the conclusory statement that his due process and constitutional rights have been violated under *Johnson* and *Welch*.  While there is a

---

[1] Based on the asserted copyright at the bottom of each page by Ramiro: Perez Avila.

discussion of the rulings in *Johnson* and *Welch* in the "Points and Authorities for Relief" section of the motion (Doc. 101, p. 3), there are no factual allegations to support a claim that *Johnson* and *Welch* somehow apply to the facts and circumstances of the instant case.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (citing *Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979)); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

A review of Gonzalez's PSR (Doc. 73) shows that his advisory guidelines range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2). There is, therefore, no basis upon which Gonzalez could seek to benefit from the Supreme Court's rulings in *Johnson* and *Welch*, and this claim affords him no relief.

### B.  No "New Weight Table"

Gonzalez next argues in conclusory fashion that a "new weight table" requires over 4.5 kilograms before a statutory sentencing range of 10 years to life may be imposed. (Doc. 101, p. 1) He cites no authority for any such "new weight table," and the undersigned can find none. The argument has no merit.

It appears that Gonzalez is once again objecting to the quantity of methamphetamine attributable to him. (Doc. 70, p. 1) As the U. S. Probation Officer noted in the Addendum to the final PSR, Gonzalez pleaded guilty to possession with intent to distribute *more than* 500 grams of methamphetamine; the factual basis section of the plea agreement specifically indicates that 1,716

-8-

grams (1.7 kilograms) of pure methamphetamine were seized in this case; and, Gonzalez advised the Court during the change of plea hearing that the information set forth in the stipulation of facts section of the plea agreement was true.  (Doc. 73-1, p. 2)(emphasis added)  Given that Gonzalez admitted, both in his plea agreement and at his change of plea hearing, to having possession of 1.7 kilograms of methamphetamine with intent to distribute, the U. S. Probation Officer correctly used U.S.S.G. § 2D1.3(c)(2) ("at least 1.5 KG but less than 4.5 KG of Methamphetamine (actual)") in determining Gonzalez's Base Offense Level of 36.

In any event, having failed to pursue a direct appeal, Gonzalez procedurally defaulted the claim.

### C.  Procedural Default

Whether U.S.S.G. § 2D1.1(c)(2) applies is a matter for direct appeal and not for collateral review.  Gonzalez has procedurally defaulted his claim on this point.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (internal citations omitted).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984).  Even the voluntariness and intelligence of a guilty plea can be

attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*.

Gonzalez did not pursue a direct appeal. By failing to do so, Gonzalez procedurally defaulted the claim he now raises.

This procedural default may be excused only if a petitioner "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991).

Gonzalez makes no such showing here. He fails to demonstrate how the factual or legal basis for his claim was not reasonably available to him in time to pursue relief on direct appeal. His counsel timely objected to the use of § 2D1.1(c)(2), contending that § 2D1.1(c)(3) should have been used instead, thereby preserving the issue for appeal. (Doc. 70) Gonzalez was, therefore, clearly informed of this claim in time to pursue relief on direct appeal. He simply failed to do so.

Further, there is no assertion by Gonzalez that some interference by government officials, or some external impediment, prevented him from raising his claim on direct appeal.

Since Gonzalez has not shown adequate cause to overcome the procedural bar in his case,

-10-

the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). Even so, Gonzalez has presented absolutely no new, reliable evidence to support a challenge to the voluntary and intelligent nature of his guilty plea. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Gonzalez has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the sentencing claim he now asserts, and his § 2255 Motion should be dismissed.

### D.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Such are the circumstances in this case where Gonzalez has alleged virtually no facts to support his claims. Accordingly, the undersigned recommends the summary dismissal of Gonzalez's § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Gonzalez's claims are unsupported by the record in this case. I recommend that Gonzalez's motion (Doc. 101) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

-11-

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 5th day of January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-12-