IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF/RESPONDENT

    v.                CRIMINAL NO. 14-50065-002

ALBERTO GONZALEZ                                                  DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendant/Movant Alberto Gonzalez's (hereinafter "Defendant") second *pro se* 28 U.S.C. § 2255 motion (Doc. 110), which was filed on February 6, 2017, approximately one week after his first § 2255 motion was dismissed (Docs. 108, 109). The matter is before the undersigned for issuance of a Report and Recommendation.

The procedural history of this case is thoroughly set out in the January 5, 2017 Report and Recommendation (Doc. 107), which recommended the denial of Defendant's first § 2255 motion. In summary, on March 12, 2015, Defendant pled guilty to the two-count indictment, charging him with conspiring to distribute methamphetamine and possession with intent to distribute more than 500 grams of a mixture or substance that contained methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 55.) On July 30, 2015, Defendant was sentenced to 140 months imprisonment on both counts, with the terms to run concurrently; three years supervised release on Count One and five years supervised release on Count Two, with the terms to run concurrently; no fine; and $200.00 in special assessments. (Doc. 87.)

In the motion now before the Court, Defendant argues that the Court "mistakenly sentence[d] [him] using the invalid 2013 Drug Quantity Chart 2D1.1." (Doc. 110 at pg. 4.)

Defendant asserts that the Court should have sentenced him under the 2014 Drug Quantity Chart, which lowered the drug quantity offense levels by two points.

A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. See 28 U.S.C. §2244(b)(3)(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Eighth Circuit has indicated that when, as in this case, a second § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, No. 99-3369, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000). The certification rule is absolute and prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court. Defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255, and therefore it is subject to dismissal for lack of jurisdiction.

While the Court lacks jurisdiction to address the merits of Defendant's motion, the undersigned notes that it appears Defendant's motion lacks merit, as he was, in fact, sentenced

AO72A
(Rev. 8/82)

under the 2014 Guidelines, and he, therefore, received the benefit of the two-level reduction reflected in these Guidelines.

Based upon the forgoing, the undersigned recommends that Defendant's **second § 2255 (Doc. 110) be DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 24th day of April, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)