UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                            No. 5:14-CR-50065-002

ALBERTO GONZALEZ                                                                        DEFENDANT

## OPINION AND ORDER

Defendant Alberto Gonzalez filed a motion (Doc. 122) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 125) in opposition. The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On March 12, 2015, Defendant pled guilty to one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute more than 500 grams of a mixture or substance that contained methamphetamine. On July 30, 2015, Defendant was sentenced to 140 months of imprisonment on each count, with the terms to run concurrently. Defendant was also sentenced to 3 years of supervised release on Count One and 5 years of supervised release on Count Two, with the terms to run concurrently.

The motion will be denied in this case because the § 3553(a) factors do not support modification of Defendant's sentence, and because Defendant has not demonstrated extraordinary and compelling reasons supporting modification. Defendant conspired with multiple individuals

to transport large quantities of methamphetamine from Compton, California to Northwest Arkansas. In 2014, Defendant arranged a shipment of four pounds of methamphetamine with a confidential informant working in conjunction with the DEA Fayetteville Resident Office and 4th Judicial District Drug Task Force. During a recorded telephone conversation between Defendant and the confidential informant, Defendant told the informant that the shipment of methamphetamine would be arriving in a tractor-trailer truck at a gas station in Springdale, Arkansas. Defendant was later observed removing duffel bags from a semi-truck and placing them in the back of a vehicle. Defendant was subsequently taken into custody, and approximately four pounds of methamphetamine were seized from the vehicle. Testing of methamphetamine revealed 1768 grams of methamphetamine with a substance purity of 97.1%, or 1716 grams of pure methamphetamine.

Although the current pandemic can constitute extraordinary and compelling reasons for early release, courts have generally required a showing that the prisoner requesting release suffers from "risk factors linked to COVID-19 complications." *United States v. Brown*, 457 F. Supp. 3d 691, 703 (S.D. Iowa 2020). Defendant has not presented any evidence that he suffers from medical issues that would be exacerbated by COVID-19, and the Court has found no such medical issues after reviewing the documents provided by the Government. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Condon*, 458 F. Supp. 3d 1114, 1119 (D.N.D. 2020) (denying motion for compassionate release where the defendant had served over fifty percent of her sentence but did present evidence of particularized health risks from COVID-19).

At sentencing, the Court imposed a sentence of 140 months on both counts with the terms to run concurrently. Defendant has been incarcerated for 92 months, and the Court finds this is not enough time to reflect the seriousness of the offense. Because of the nature and circumstances of the offense and the amount of time Defendant has remaining on his sentence, the 3553(a) factors do not support modification.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 122) will be DENIED.

IT IS SO ORDERED this 14th day of December, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE